UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| HORACE WASHINGTON<br>a/k/a CORNELL WASHINGTON | CIVIL ACTION |
| VERSUS | NO. 18-6541 |
| STATE OF LOUISIANA | SECTION: "A"(1) |

## REPORT AND RECOMMENDATION

Petitioner, Horace Washington a/k/a Cornell Washington, a federal inmate incarcerated in Texas, filed the instant federal application seeking habeas corpus relief pursuant to 28 U.S.C. § 2254. For the following reasons, it is recommended that the application be dismissed for lack of subject matter jurisdiction.

On November 4, 1993, petitioner was convicted in the Orleans Parish Criminal District Court on a charge of possession with intent to distribute cocaine, sentenced to a suspended sentence of seven years, and placed on active probation for five years.[1] When he thereafter violated the terms of probation, his probation was revoked, and the original seven-year sentence was made executory.[2]

After serving that state sentence, petitioner was released and once again ran afoul of the law. As a result, he ultimately pleaded guilty in federal court to a charge of possession with intent to distribute cocaine base and was sentenced to the mandatory minimum sentence of twenty years imprisonment and ten years of supervised probation upon release from imprisonment. His related

---

[1] State Rec., Vol. 1 of 3, transcript of November 4, 1993; State Rec., Vol. 1 of 3, minute entry dated November 4, 1993.
[2] State Rec., Vol. 1 of 3, minute entry dated June 5, 1996.

appeal was then dismissed for want of prosecution, and his subsequent motion for relief pursuant to 28 U.S.C. § 2255 was denied.  United States v. Washington, Crim. Action No. 03-209, 2010 WL 3923803 (E.D. La. Sept. 28, 2010) (Zainey, J.).

In January of 2018, petitioner filed the instant federal application seeking habeas corpus relief pursuant to 28 U.S.C. § 2254 in the United States District Court for the Northern District of Mississippi.  Because the application challenges the validity of the 1993 state court criminal judgment entered in Orleans Parish, the matter was transferred to this Court.[3]  The state has filed a response in this proceeding arguing that petitioner's § 2254 application should be dismissed for lack of subject matter jurisdiction.[4]  The state is correct.

Federal district courts have jurisdiction to entertain petitions for writs of habeas corpus only from persons who are "*in custody* in violation of the Constitution or laws or treaties of the United States."  28 U.S.C. §§ 2241(c)(3) and 2254(a) (emphasis added).  Once a sentence imposed for a conviction has fully expired, a federal habeas corpus petitioner is no longer considered to be "in custody" with respect to that conviction.  Maleng v. Cook, 490 U.S. 488, 492 (1989).

Here, there is no dispute that petitioner is no longer in custody with respect to the 1993 state court conviction.[5]  Because he completed the sentence imposed with respect to his 1993 state conviction long before he filed this federal application in 2018, the Court lacks subject matter jurisdiction to entertain this challenge to that conviction.  Fields v. Cain, Civ. Action No. 12-2143, 2012 WL 6674032, at *1 (E.D. La. Dec. 10, 2012), adopted, 2012 WL 6673777 (E.D. La. Dec. 20,

---

[3] Rec. Doc. 7.
[4] Rec. Doc. 19.
[5] See Rec. Doc. 1, p. 10 ("Petitioner has already served his sentence in the State Case ….").

2012); Silvo v. Cain, Civ. Action No. 09-3692, 2009 WL 3151166, at *1 (E.D. La. Sept. 30, 2009); Johnson v. Hubert, Civ. Action No. 08-688, 2008 WL 1746727, at *2 (E.D. La. Apr. 11, 2008).

Out of an abundance of caution, the Court makes an additional observation. Because petitioner is currently incarcerated based on a subsequent federal conviction, and because his federal sentence in that case was enhanced based in part on the 1993 state conviction,[6] this habeas corpus petition could be construed as a 28 U.S.C. § 2255 motion challenging that related federal criminal judgment. Maleng, 490 U.S. at 493-94; Silvo, 2009 WL 3151166, at *2. However, petitioner is clear in his federal application that he is challenging his 1993 state conviction, *not* his subsequent federal criminal judgment. Moreover, as already noted, he filed a prior § 2255 motion and was denied relief.[7] Accordingly, he may not file another § 2255 motion challenging that same federal criminal judgment unless he first obtains authorization to file a second or successive motion from the United States Fifth Circuit Court of Appeals. See 28 U.S.C. § 2255(h). He has not requested and been granted such authorization.

Further, even if petitioner were able to file another § 2255 motion and had not waived his right to seek such relief as part of his federal plea agreement, he would still be prohibited from challenging the validity of his federal criminal judgment on the grounds that his predicate state criminal judgment was invalid. Specifically, the United States Supreme Court has held:

> If … a prior conviction used to enhance a federal sentence is no longer open to direct or collateral attack in its own right because the defendant failed to pursue those remedies while they were available (or because the defendant did so unsuccessfully), then that defendant is without recourse. The presumption of validity that attached to the prior conviction at the time of sentencing is conclusive, and the defendant may not collaterally attack his prior conviction through a motion

---

[6] United States v. Washington, Crim. Action No. 03-209, 2010 WL 3923803, at *1 (E.D. La. Sept. 28, 2010) ("In sentencing the Petitioner, the Court considered Petitioner's 1993 guilty plea conviction in state court.").
[7] That motion was denied on the basis that, "[a]s part of the plea agreement, Petitioner agreed to waive his right to appeal, including relief under 28 U.S.C. § 2255." Id.

under § 2255. A defendant may challenge a prior conviction as the product of a Gideon violation in a § 2255 motion, but generally only if he raised that claim at his federal sentencing proceeding. See United States v. Frady, 456 U.S. 152, 167-168, 102 S.Ct. 1584, 71 L.Ed.2d 816 (1982) (holding that procedural default rules developed in the habeas corpus context apply in § 2255 cases); see also Reed v. Farley, 512 U.S. 339, 354-355, 114 S.Ct. 2291, 129 L.Ed.2d 277 (1994).

Daniels v. United States, 532 U.S. 374, 382-83 (2001).[8] That same rule also applies in the context of proceedings brought pursuant to 28 U.S.C. § 2254. Lackawanna County District Attorney v. Coss, 532 U.S. 394 (2001). Because petitioner's 1993 state conviction is no longer open to direct or collateral attack,[9] he is prohibited from challenging his subsequent enhanced federal sentence in a § 2255 motion on the ground that the 1993 state conviction was invalid.

## RECOMMENDATION

It is therefore **RECOMMENDED** that petitioner's federal application seeking habeas corpus relief pursuant to 28 U.S.C. § 2254 be **DISMISSED FOR LACK OF SUBJECT MATTER JURISDICTION**.

---

[8] Here, petitioner does not argue that his 1993 state conviction resulted from a violation of Gideon v. Wainwright, 372 U.S. 335 (1963) (holding that it is a constitutional violation for a trial court to refuse to appoint counsel for an indigent defendant charged with a felony). Indeed, he could not do so, because the record shows that, at the time he entered his guilty plea in the 1993 state court proceeding, he was represented by attorney Roger Jordan. See State Rec., Vol. 1 of 3, transcript of November 4, 1993; State Rec., Vol. 1 of 3, minute entry dated November 4, 1993.

[9] The Court notes that petitioner has already unsuccessfully sought post-conviction relief in the state courts with respect to his 1993 state conviction. In denying relief, the Louisiana Supreme Court expressly stated:

> Relator has now fully litigated his application for post-conviction relief in state court. Similar to federal habeas relief, see 28 U.S.C. § 2244, Louisiana post-conviction procedure envisions the filing of a second or successive application only under the narrow circumstances provided in La.C.Cr.P. art. 930.4 and within the limitations period as set out in La.C.Cr.P. art. 930.8. Notably, the Legislature in 2013 La. Acts 251 amended that article to make the procedural bars against successive filings mandatory. Relator's claims have now been fully litigated in accord with La.C.Cr.P. art. 930.6, and this denial is final. Hereafter, unless he can show that one of the narrow exceptions authorizing the filing of a successive application applies, relator has exhausted his right to state collateral review.

State *ex rel.* Washington v. State, 211 So. 3d 376 (La. 2017); State Rec., Vol. 3 of 3.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. 28 U.S.C. § 636(b)(1); Douglass v. United Services Auto. Ass'n, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc).

New Orleans, Louisiana, this eighth day of March, 2019.

                                                                              */s/ Janis Van Meerveld*
                                                                             **JANIS VAN MEERVELD**
                                                                             **UNITED STATES MAGISTRATE JUDGE**